IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROMAN RAMAR CERDA, #113045                                                        PLAINTIFF

VERSUS                                                      CIVIL ACTION NO.  1:12cv298-LG-JMR

GEORGE COUNTY REGIONAL
CORRECTIONAL FACILITY                                                              DEFENDANT

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*, due to the failure of the plaintiff, Roman Ramar Cerda [Cerda], to comply with the Court's Order [23] to Show Cause. Cerda filed his Complaint on October 1, 2012, alleging that an RVR was altered after he alerted the hearing officials that the time of delivery of the form was not indicated on RVR #1116979. [1, p. 5.] He sought dismissal of the RVR as relief. [1, p. 7.]

Cerda was sent an order to show cause on February 6, 2013, to establish cause why service of process had not been made on the George County Correctional Facility. [7.] The Court issued a Report and Recommendation that the case be dismissed without prejudice on April 1, 2013. [9.] In response, Cerda indicated that he had lost his paperwork in this case, and was unaware that he should supply a current address to the court. [13, p. 1.]

The Report and Recommendation was subsequently withdrawn, and the matter was set for Omnibus Hearing on December 9, 2013. [19.] A writ of Habeas Corpus ad Testificandum was issued to Cerda's address at the time by certified mail. [20.] An acknowledgment of receipt of the writ was returned on November 25, 2013. [21.] Plaintiff requested that the Omnibus Hearing be cancelled, and the writ was rescinded. [22.]

On December 31, 2013, the Court issued an Order [23] directing Cerda to provide a current address, as records indicate that Cerda was no longer incarcerated at his address of

record. The Order [23] warned Cerda that failure to timely comply with the Order would warrant dismissal. To date, Cerda has failed to respond to the Court's Order to show cause. An acknowledgment of receipt of the order to show cause was received on January 8, 2014. [24.]

Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of failure to prosecute cannot be seriously doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*per curiam*) (addressing Rule 41(b) dismissal of prisoner's lawsuit); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing the district court's Rule 41(b) discretion).

Based on the foregoing, this Court is of the opinion that Cerda's failure to reply to the Court's order is indicative of a lack of interest in pursuing this case which delays the expeditious resolution of other cases. In addition, Cerda has failed to show cause why this case should not be dismissed, as ordered by this Court on December 31, 2013. Therefore, this Court recommends that this cause should be dismissed without prejudice for failure to prosecute.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than February 19, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate

Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R was sent to Cerda at his last known address by certified mail, return receipt requested.

       This the 5th day of February, 2014.

                                                  s/ John M. Roper, Sr.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE